## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|    ) | |
| Plaintiff,    ) | |
|    ) | |
| vs.    ) | Case No. 14-20059-JAR |
|    ) | |
| DALE WILLIAMSON,    ) | |
| ROBERT ROBINSON,    ) | |
| Defendants.    ) | |
| _____) | |

## MEMORANDUM AND ORDER
## GRANTING DEFENDANTS' MOTIONS TO SEVER

This matter comes before the Court on motions to sever filed by Defendant Williamson (Doc. 27) and Defendant Robinson (Doc. 29). The government responded, the Court heard oral argument on the motions, and for the reasons explained below, the Court grants the motions to sever.

**Background**

Defendants Dale Williamson and Robert Robinson are charged in a one-count indictment with armed robbery of a Bank of America branch in Overland Park, Kansas on May 22, 2014. The evidence will be that a lone robber entered the bank. A surveillance video camera inside the bank recorded the robber in action. Robinson's probation officer, Mary Winningham, viewed the video and identified Robinson as the robber. Williamson's girlfriend viewed a still photograph derived from the video and also identified Robinson as the robber. After the robbery, Williamson was interviewed by law enforcement, and Williamson identified Robinson as the robber in the video. And, there is evidence that someone described a maroon Chevrolet as the vehicle involved in the robbery. Williamson admitted that he drove a vehicle similar to that vehicle; and Williamson's girlfriend admitted that she previously owned a vehicle matching

that description, but she no longer had the vehicle because she no longer wanted to be associated with the vehicle.

The video depicts the robber using a cell phone during the robbery.  Although Williamson denied being involved in the robbery and being near the bank that day, cell phone tracking technology shows that Williamson was in close proximity to the bank during the time of the robbery.  And cell phone records show that during the robbery, Robinson's cell phone was communicating with Williamson's cell phone.

A cooperating subject will testify that Williamson told him or her that Williamson and his partner were in dire financial straits, and had handled it in "Set it Off" style, referring to the name of a movie about a bank robbery.  The cooperating subject will testify that Williamson did not specifically identify Robinson as his partner.  But in another conversation with the cooperating subject Williamson did identify Robinson, asking how he could de-friend Robinson on Facebook because of the "heat" he and Robinson were receiving in the Kansas City metropolitan area.

Finally, the government intends to rely upon 404(b)[1] evidence of three other robberies allegedly committed by Robinson within thirty days of this robbery.  In each of those robberies, a lone robber entered the bank, and witnesses identified Robinson from the surveillance photos taken during those robberies.  In all or some of these robberies, witnesses also described a maroon Chevrolet as being involved.  The admissibility of that evidence will depend, of course, on the Court's ruling on motions in limine or evidentiary objections of one or both Defendants.

---

[1]Fed. R. Evid. 404(b).

2

**Discussion**

Defendant Williamson moves to sever the trial on the basis that the evidence against Robinson is stronger and more direct, such that he would be prejudiced by a joint trial, and that admission of the 404(b) evidence against Robinson would further prejudice him.

Defendant Robinson moves to sever the trial on the basis that the circumstantial evidence against Williamson is stronger than the identification evidence against him. Robinson further argues that Defendants' defenses are mutually exclusive, since it appears that Williamson's defense is that Robinson, not Williamson, committed the bank robbery.

Joinder of defendants is appropriate when two or more defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[2] This standard is satisfied by showing "a common thread to each of the defendants," which may be "established by common evidence as to various counts."[3] Here, of course, there is evidence common to both Defendants: the identification of Robinson by his probation officer, Williamson, and Williamson's girlfriend; the cell phone records that show that Williamson was nearby and talking to Robinson during the robbery and that both of them were in close proximity to the bank during the time of the robbery; Williamson's ties to a vehicle matching the description of the vehicle involved in the robbery; and Williamson's statements to the cooperating subject that incriminate both he and Robinson by inference.

Nonetheless, the Court may grant severance if a joint trial appears to prejudice a

---

[2]Fed. R. Crim. P. 8(b).

[3]*United States v. Rogers*, 921 F.2d 975, 984 (10th Cir. 1990).

defendant or the Government.[4]  Severance should be granted, however, only if there is a serious

risk that a joint trial would either compromise a specific trial right of one of the defendants or

prevent the jury from making a reliable judgment about guilt or innocence.[5]  The Supreme Court

has stated that such a serious risk

> might occur when evidence that the jury should not consider against a defendant
> and that would not be admissible if a defendant were tried alone is admitted
> against a codefendant. For example, evidence of a codefendant's wrongdoing in
> some circumstances erroneously could lead a jury to conclude that a defendant
> was guilty. When many defendants are tried together in a complex case and they
> have markedly different degrees of culpability, this risk of prejudice is
> heightened.[6]

Such a serious risk is present here, because Williamson's statement identifying Robinson

as the robber depicted in the surveillance video directly implicates Robinson, and in a joint trial,

Robinson would not be able to confront and cross-examine Williamson on this statement.  Other

statements of Williamson indirectly implicate Robinson, including the statements about he and

his partner solving their financial woes by doing it in "Set Off Style" and his statements that he

wanted to de-friend Robinson because of the "heat" on both of them.

This evidence of Williamson's statements presents a classic *Bruton* problem, for these

statements are admissions by Williamson that directly and indirectly implicate Robinson as his

accomplice in the robbery.  In *Bruton v. United States*,[7] the Supreme Court held that the

introduction of a co-defendant's out-of-court confession directly implicating the defendant as his

---

[4]Fed. R. Crim. P. 14(a).

[5] *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).

[6]*Id.*

[7]*Bruton v. United States*, 391 U.S. 123 (1968).

4

accomplice violated the defendant's Sixth Amendment right to cross-examine witnesses.[8]   It is sometimes possible to cure a *Bruton* problem by redacting the defendant's statement to exclude all references to the codefendant, coupled with limiting instructions.[9]   But those measures would not work here, where the evidence includes Williamson's identification of Robinson as the robber depicted in the video surveillance.   This identification evidence violates *Bruton* and presents the type of serious risk contemplated by the Supreme Court in *Zafiro v. United States.*[10]

Accordingly, the motions to sever are granted.

**IT IS THEREFORE ORDERED** that Defendant Williamson's motion for severance (Doc. 27) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Robinson's motion for severance (Doc.29) is GRANTED.

Dated: December 19, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[8]*Id.* at 124–26, 136–37.

[9]*See Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *see also United States v. Verduzco-Martinez*, 186 F.3d 1208, 1214 (10th Cir. 1999) (holding that *Bruton* is not violated when a defendant's name is replaced with a neutral pronoun or phrase, provided that the incrimination of a defendant is only by reference to evidence other than a redacted statement and a limiting instruction is given to the jury).

[10]506 U.S. 534 (1993).

6